# Benjamin C. Sutley

10 Marmaduke Ct
Baldwin, MD 21013
(410) 727-2040
Email: bsutley@sutleylaw.com

FILED _____ ENTERED
LOGGED _____ RECEIVED
NOV 2 0 2013
CLERK, U S DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

November 19, 2013

**Case # 1:13-mc-00469**

**Re: Answer to Show Cause**

Thank you for the opportunity to respond to the disciplinary action that was brought against me by the Attorney Grievance Commission. Let me start off by saying that Bar Counsel was extremely fair in their investigation and decision on this matter.

I was self-employed as a solo practitioner when on January 13, 2012 I suffered a serious illness that kept me away from my practice for nearly a year. Initially, a few colleagues helped out with imminent, pressing matters. However, as the days turned into weeks and then months, I could no longer afford to keep support staff, nor rely on the favors that other attorneys were providing. A series of problems naturally arose as a result of being away from my practice for so long, and complaints were filed with AGC.

Through the course of the investigation, I learned that some of the problems from my practice actually pre-dated my illness. I completed 2 CLE classes on proper record keeping and escrow management during this time, forwarding the certificates of completion to AGC. I was able to demonstrate to AGC's satisfaction, that despite the deficiencies in record keeping, all work has always been completed for the clients. Therefore, having gone through this process, I have come out on the other end much better informed and have since discussed these matters with other solo practitioners who handled matters similarly to mine in hopes that they can correct these practices and put them in-line with what is expected and required.

The decision to accept an indefinite suspension, though regrettable, was a relatively easy one. During the summer of 2013 it became apparent to me that I had not fully recovered from the illness I had suffered and was dissatisfied with my performance in court. Litigation, being the only aspect of the practice of law that ever really appealed to me, and recognizing that I was not as effective as I once was, I made the difficult, yet necessary, decision to shut down my practice and have since embraced a new profession. Therefore, in an effort to put closure to this on-going investigation I asked AGC how this could all be resolved so that I could move forward. Though I am obviously not happy by accepting the indefinite suspension, it was without question the right decision for me to make personally. The thought was that, even as unlikely as it seems today, there may be a scenario sometime in the future where being an active member of the Bar could prove to be beneficial.

I leave the practice of law having accomplished many good things and I believe a strong ambassador for our shared profession to the public of someone who did not charge outrageous fees, worked hard, was always open and honest, showed up to court well-prepared, and zealously advocated for my clients. The time since January 13, 2012 has been regrettable, but does not cloud an otherwise enjoyable stretch in my life performing interesting work and helping countless many of my criminally charged clients deal with issues of alcohol and drug abuse in an effort to help straighten out their lives and resolve their conflicts with the State and Federal governments.

Thank you for considering this response. Rather than make a suggestion that may otherwise offend, I will instead defer to the wisdom of the Court to fasten an appropriate sanction.

My Very Best,

Benjamin C. Sutley